IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Samantha Holdren, individually
and on behalf of similarly situated
persons,

                Plaintiff,      Case No. 1:18-cv-02833

v.                                   Michael L. Brown
                                    United States District Judge

Trop, Inc. d/b/a Pink Pony, and
Teri Galardi,

                Defendants.
_____/

## ORDER

The Court held a teleconference about discovery disputes I–XII in the Joint Statement Regarding Discovery Disputes (Dkt. 76). The Court ordered the parties to submit briefs on potential waiver of attorney-client privilege raised in discovery dispute numbers II, VII, and VIII. (Dkt. 79.) After considering the parties' briefs, the Court finds Defendant Galardi has waived her attorney-client privilege about her good faith affirmative defense and assertion that she did not act willfully.

"The attorney-client privilege 'belongs solely to the client,' and the client may waive it, either expressly or by implication." *Cox v. Adm'r*

*U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994) (quoting *In re Von Bulow*, 828 F.2d 94, 100, 101 (2d Cir.1987)). "[T]he attorney-client privilege is waived when a litigant 'place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'" *Id.* (quoting *Conkling v. Turner*, 883 F.2d 431, 434–35 (5th Cir. 1989)).

Defendant Galardi asserts good faith and lack of willfulness defenses in her answer. (Dkt. 14 at 3, 5.) She alleges that "[her] actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA." (Dkt. 14 at 5.) Defendant Galardi now states that she is not relying on legal advice from Mr. Fuchs or Schulten Ward Turner & Weiss, LLP to support those arguments.[1] (Dkt. 76 at 2.) That may be. But by affirmatively asserting good faith and claiming she had a reason to believe her conduct complied

---

[1] The defendants in *Blake v. Batmasian* also explicitly represented that they would not rely on advice of counsel to support any defense. *See* No. 15-CV-81222, 2017 WL 10059251, at *15 (S.D. Fla. Oct. 5, 2017), *adopted by*, No. 15-81222-CIV, 2018 WL 3829803 (S.D. Fla. Aug. 9, 2018). But the defendants in *Blake*, unlike Defendant Galardi here, never received legal advice from counsel until after a lawsuit was filed.

with the law, Defendant Galardi injected her knowledge of the law into this case. By doing so, she waived the attorney-client privilege about that issue.

The Eleventh Circuit has held that assertions like Defendant Galardi's waive the attorney-client privilege. In *Cox v. Administrator U.S. Steel & Carnegie*, a defendant in a RICO case alleged it acted in good faith as a defense to treble damages. 17 F.3d at 1418–19. The defendant, like Defendant Galardi here, alleged that it believed it was acting lawfully and also asserted that it was not relying on advice of counsel as part of the good faith defense. *Id*. The Eleventh Circuit still held that by contending it acted lawfully as a basis for the good faith defense, the defendant had gone beyond a mere denial of the allegations in the complaint and affirmatively "injected the issue of knowledge of the law into the case and thereby waived the attorney-client privilege." *Id.* at 1419.

Another court has relied on *Cox* in determining that assertions of good faith and lawfulness like Defendant Galardi's constitute a waiver of the attorney-client privilege. In *Maar v. Beal's, Inc.*, a defendant in an FLSA case asserted a good faith defense and alleged "grounds" for

3

believing it had complied with the law, specifically that "defendant at all times acted in good faith and with reasonable grounds for believing its actions fully complied with the law." 237 F. Supp. 3d 1336, 1340 (S.D. Fla. 2017). The court held this assertion went beyond merely denying the allegations in the complaint, injected the defendant's knowledge of the law, and waived the attorney-client privilege. *Id*.

> It is the articulation of a claim or defense explicitly relying on the litigant's subjective thinking, **as potentially influenced by advice from counsel**, that activates the doctrine of implied waiver. Accordingly, [the defendant] waived its attorney-client privilege with respect to the documents in question by setting forth an affirmative defense that invoked its good faith belief in the legality of its employee classification."

*Id*. (emphasis added).

The Court finds likewise that Defendant Galardi waived the attorney-client privilege by asserting — not just that she acted in good faith — but also that she acted with "reasonable grounds for believing that such actions were not in violation of the FLSA." (Dkt. 14 at 5.) She has waived any attorney-client privilege about communications with counsel in which counsel advised her that her clubs' practices may or may not have complied with the FLSA. It would be manifestly unfair for Defendant Galardi to withhold this information while pursuing a defense

4

that she had some basis for believing her actions compliant with the FLSA. She has made an issue of her knowledge of how the law applied to the club's practices and cannot now withhold evidence of that issue. *See Cox*, 17 F.3d at 1417 (noting that the overriding factor is fairness and prejudice to the opposing party).

There is also evidence in the record showing Defendant Galardi may have taken actions contrary to her counsel's advice and that she already waived any privilege. Dennis Williams, Defendant Trop, Inc.'s 30(b)(6) witness, testified that Defendant Galardi instructed Defendant Trop, Inc. to move forward with a new system for entertainer compensation and tips despite attorney Mr. Fuchs's advice that he was not sure the system would "fly" or comply with the FLSA. (Dkt. 82 at 92:12–93:11.) The parties have engaged this issue. Defendant Galardi did not object to questions about this advice and cannot now put this issue out of the case while still asserting good faith and reasons for believing the club's conduct complied with the FLSA.

The Court **ORDERS** non-parties Dean Fuchs and Schulten Ward Turner & Weiss, LLP to comply with Plaintiff's Subpoenas to Testify at a Deposition in a Civil Action and Subpoena to Produce Documents,

5

Information, or Objects or to Permit Inspection of Premises in a Civil Action (Dkt. 77-1). The Court **ORDERS** Defendant Galardi to provide Plaintiff with amended Responses to Plaintiff's First Interrogatories, Responses to Plaintiff's and Opt-in Plaintiffs' First Request for Production of Documents (Dkts. 77-2, 77-3), and privilege log in the light of this order on or before August 26, 2019.

    **SO ORDERED** this 15th day of August, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE